IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00314-ZLW

MARK JUSTIN DENNY,

    Plaintiff,

v.

DR. ERIC HUTCHINSON,
H. A. RIOS, Jr. Warden,
R. WILEY, Warden, and
ANY UNKNOWN PERSON INVOLVED, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 3 0 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

This matter is before the Court on the *pro se* motion titled "Motion for Reconsideration of Order and Judgment of Dismissal" and filed by Plaintiff Mark Justin Denny on July 6, 2007. Mr. Denny is a prisoner in the custody of the United States Bureau of Prisons and currently is incarcerated at FCI Englewood. Plaintiff seeks reconsideration of the June 21, 2007, Order that dismissed his Prisoner Complaint.

The Court must construe the Motion for Reconsideration liberally because Mr. Denny is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, for the reasons stated below, the Motion for Reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The June 21, 2007, Order dismissed the Complaint and action, and entered judgment in favor of Defendants and against Plaintiff. The instant Motion was filed on July 6, 2007. Plaintiff has filed the motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the Motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

Nonetheless, the Court finds that Mr. Denny fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

The Court dismissed the Complaint for failure to prosecute. The reasons for the dismissal are explained in greater detail in the June 21, 2007, Order.

In the Motion for Reconsideration, Mr. Denny asserts that he called the Clerk's Office on June 27, 2007, and that a Clerk's Office employee told him that the Court had received a motion requesting an extension of thirty days in his case, but that the motion was not filed. Contrary to Mr. Denny's allegations in the Motion for Reconsideration, a motion for an extension of time was not received by the Court when Plaintiff filed his Notice of Change of Address on May 30, 2007. Furthermore, it is not the practice of the Clerk's Office to withhold a pleading that is submitted to the Court from being filed in an action.

Moreover, Plaintiff concedes that on June 14, 2007, he received a copy of the Docket in the instant case, which indicates that no motion for an extension of time was filed at the time the Notice of Change of Address was filed. Plaintiff then had ample time to file a motion for extension of time prior to the Court dismissing the action on June 21, 2007.

The Court further finds that Plaintiff has had more than sufficient time to file an Amended Complaint. Plaintiff has been granted two extensions to amend, one on April 4, 2007, and one on May 4, 2007. The first extension was granted so that Plaintiff could hand copy his Complaint for the purpose of providing copies to the Court for the purpose of service. The second extension was granted because Plaintiff had been transferred to a different prison facility and did not have access to his legal materials until April 26, 2007. At the time the Court dismissed the Complaint and action Plaintiff

had access to his legal materials for almost two months. He also had sufficient time to hand copy the copies required for the purpose of service.

Therefore, the Motion to Reconsider will be denied. Mr. Denny is reminded that because the instant action was dismissed without prejudice he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the Motion for Reconsideration of Order and Judgment of Dismissal (Doc. No. 16), filed by Plaintiff on July 6, 2007, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 26 day of July, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00314-BNB

Mark Justin Denny
Reg. No. 07757-046
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO  80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/30/7

GREGORY C. LANGHAM, CLERK

By: _____Angie_____
Deputy Clerk